UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA GINN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7141** |
| **THE FOLGER COFFEE COMPANY, ET AL** | **SECTION B(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Relief from Judgment (Rec. Doc. No. 29). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED.**

### *BACKGROUND*

Plaintiff was employed by Defendant at the time of Hurricane Katrina. Plaintiff's home sustained extensive flood damage as a result of the Hurricane. Plaintiff subsequently applied for assistance with the Federal Emergency Management Agency ("FEMA") but was denied. Upon applying, Plaintiff alleges that she was advised that her employer had used her social security number and obtained a FEMA trailer in her name. She also alleges that the trailer was placed on Defendants' private property and that she was denied access to this trailer.

On October 2, 2006, Plaintiff filed a Complaint against Defendants alleging (1) negligence, (2) conversion, and (3) identity theft. On January 5, 2007, Defendants filed a Motion to Dismiss. (Rec. Doc. No. 5). On April 5, 2007 this Court granted

1

Defendants' Motion to Dismiss as to all Plaintiff's claims except the conversion claim. (Rec. Doc. No. 24). The Court's April 5, 2007 Order provided: "Plaintiff is allowed 90 days within which to amend complaint after discovery efforts are made to determine whether Defendant wrongfully retained FEMA trailers and/or conspired with FEMA to deny benefits and/or made material misrepresentation to FEMA about Plaintiff's FEMA benefits."

On July 12, 2007 Defendants moved to dismiss Plaintiff's remaining conversion claim alleging that Plaintiff failed to initiate any discovery and similarly failed to amend her complaint within the 90-day period specified in the April 4, 2007 Order. (Rec. Doc. No. 26). This Motion was set for hearing on August 8, 2007. Plaintiff filed no opposition on or before that date. The Court granted Defendants' Motion to Dismiss on August 9, 2007 and allowed Plaintiff thirty (30) days to file a motion for reconsideration. (Rec. Doc. No. 27). On September 10, 2007, Plaintiff filed this Motion for Relief from Judgment. (Rec. Doc. No. 29).

Plaintiff alleges essentially that her failure to respond to Defendants' July 12, 2007 Motion to Dismiss was a result of the fact that she did not receive proper notice that the Motion had been filed. Plaintiff's Counsel Joseph Bruno had been suspended from the practice of law but was still allowed to practice in the Eastern District of Louisiana. As a result of the suspension, he

was forced to withdraw from Bruno & Bruno, LLP and create the Law Office of Joseph M. Bruno. This change, in turn, required the creation of a new website and email addresses. The new firm consisted of Joseph Bruno and Scott Joanen. Joanen was the attorney primarily responsible for the handling of the present suit.

Plaintiff alleges that when Defendants filed the July 12 Motion to Dismiss, Joanen did not receive notice. A new company was employed to handle the creation of the website for the new law office established by Plaintiff's counsel. As a result, the former company shut down the server, and Plaintiff's counsel temporarily did not receive any emails. Plaintiff alleges that because of this temporary shutdown, Defendants' Motion was never received, and the hearing date was never calendered.

Plaintiff contends that under Rule 60(b), her neglect in failing to respond to Defendants' Motion is excusable and that dismissal of her claims would result substantial prejudice.

Defendants argue that Plaintiff's justifications for her failure to respond are insufficient to warrant relief under Rule 60(b). Additionally, Defendants contend that Plaintiff's Motion should be denied because she does not give any justification for her failure to comply with the Court's discovery order or to state any basis for a claim for conversion.

### ***DISCUSSION***

Fed. R. Civ. Pro. 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. Pro. 60(b).  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).  In order to obtain relief under Rule 60(b), a party must show "that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside."  *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

With regard to justifiable neglect, Plaintiff alleges that the reason she failed to respond to the Defendants' Motion to Dismiss was that Plaintiff's counsel failed to receive notice that the motion had been filed.  The Fifth Circuit has held that justifiable or excusable neglect exists in circumstances where through inadvertence, a party or his attorney does not receive notice of the filing of a dispositive motion and, therefore, does not respond.  *Blois v. Friday*, 612 F.2d 938, 940-41 (5th Cir. 1980); *see also Seven Elves Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir.

4

1981)(Plaintiffs granted relief under Rule 60(b) after they were not notified of trial and failed to make an appearance).  In *Blois*, the Court originally granted the defendant's motion for summary judgment after the plaintiff failed to file a timely answer to that motion.  *Blois*, 612 F.2d at 940.  Plaintiff's attorney then sought relief under Rule 60(b) and argued that his failure to respond was due to the fact that he had neglected to file notice with the court of his change of address.  *Id*.  A copy of the motion had been sent to his former address but it was not forwarded to his current address in time enough for him to respond.  *Id*.  While not condoning Plaintiff's counsel's neglect, The Fifth Circuit refused to enter default summary judgment in favor of the defendant because of plaintiff's failure to respond.  *Id*.  The Court granted relief to the plaintiff under Rule 60(b).  *Id*.

The facts concerning Plaintiff's failure to respond in the present case are similar to those in *Blois*.  Like in *Blois*, Plaintiff's failure to respond was a result of confusion concerning Plaintiff's address, in this case the email address by which he received electronic filings.  The Court notes that it was Plaintiff's counsel's responsibility to ensure a smooth transition from the old law office to the new, a task which included keeping correct (and functioning) contact information.  At the same time, the Court finds that the neglect on Plaintiff's counsel's part was excusable.

The Court will now analyze the second factor in the Rule 60(b) analysis, the likelihood of success on the merits if the dismissal of Plaintiff's claim is set aside. Plaintiff filed an Opposition to Defendant's Motion to Dismiss along with her Motion for Relief from Judgment. But for several sentences, this Opposition is the same word-for-word as the memorandum filed in support of the Motion for Relief from Judgment. Plaintiff states in both memoranda, "Admittedly, discovery was not undertaken as expressed in the Court's April 3, 2007 ruling." Additionally, she states, "Admittedly the plaintiff must respond to Folger's Motion to Dismiss." Plaintiff, however, never explains her failure to conduct any discovery or amend her complaint within the time period set out in the Court's Order. Plaintiff briefly discusses the fact that Plaintiff's counsel were involved in the Hurricane Breach Litigation. She also briefly touches on confusion regarding a parallel suit filed in state court. Plaintiff, however, gives no explanation how either of these factors precluded her from complying with the Court's discovery order. Additionally, although it is clear that Plaintiff had adequate notice of the ninety-day deadline in which to complete discovery, which was provided in the April 5, 2007 Order, Plaintiff does not explain why, given the alleged problems her attorneys were having, she never moved to extend this deadline. Without any adequate basis as to why Plaintiff has not complied with the Court's Order, the Court finds

6

that Plaintiff's success on the merits of Defendant's Motion to Dismiss is unlikely even if relief from judgment is granted.

Thus, while the Court finds that Plaintiff's neglect in not responding to the Defendant's Motion to Dismiss was excusable, the unlikeliness of Plaintiff's success on the merits with regard to the Motion to Dismiss warrants a denial of Plaintiff's Motion for Relief from Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment is **DENIED**. However, the judgment at issue is amended to dismiss without prejudice the federal claims, reserving Plaintiff's right to proceed in the parallel state proceedings.

New Orleans, Louisiana this 9th day of November, 2007.

UNITED STATES DISTRICT JUDGE